UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHELLE BERNICE GARVEY,

    Plaintiff,

v.                                     Case No: 8:22-cv-2309-WFJ-AEP

MARTIN J. WALSH, Secretary of the
United States Department of Labor,

    Defendant.
_____/

## ORDER

This matter comes before the Court on Defendant United States Secretary of Labor Martin J. Walsh's Motion to Dismiss, Dkt. 11. Plaintiff Michelle Bernice Garvey, proceeding *pro se*, responded in opposition. Dkt. 12. Upon careful consideration, the Court grants Defendant's motion and dismisses Plaintiff's Complaint without prejudice.

## BACKGROUND

On October 7, 2022, Plaintiff filed the present action against the Department of Labor, her employer of 27 years. Dkt. 1 at 7. In her Complaint, Plaintiff asserts claims of discrimination, harassment, and retaliation under multiple federal statutes based on Defendant's "[f]ailure to promote," "[u]nequal terms and conditions of [] employment," and "[r]etaliation." *Id.* at 3–4. Plaintiff seemingly contends that this

alleged conduct was based on her sex/gender, national origin, age, disability, and race. Dkt. 1 at 4, 7.

In moving to dismiss, Defendant primarily asserts that Plaintiff's Complaint is a shotgun pleading. Dkt. 11.

## LEGAL STANDARD

Federal Rules of Civil Procedure 8(a) and 10(b) establish the minimum pleading requirements for a complaint. Under the notice pleading standards set forth in Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To comply with Rule 10, a plaintiff must also bring her claims in separate, numbered paragraphs, with each claim "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

A complaint that violates either of these rules is often disparagingly called a "shotgun pleading." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Dismissal of such a pleading is warranted when "it is *virtually impossible* to know which allegations of fact are intended to support which claim(s) for relief." *Id.* at 1325 (emphasis in original).

## ANALYSIS

The Eleventh Circuit has identified four types of shotgun pleadings: (1) complaints in which each count adopts the allegations of all preceding counts; (2)

complaints that are "replete with conclusory, vague, and immaterial facts"; (3) complaints that fail to separate each cause of action into separate counts; and (4) complaints that assert multiple claims against multiple defendants without specifying which defendant is responsible for which acts. *Weiland*, 792 F.3d at 1321–23. No matter the type, all shotgun pleadings exhibit the unifying characteristic of failing to give defendants adequate notice of the claims against them and the grounds upon which each claim rests. *Id.* at 1320. With this understanding, the Court finds that Plaintiff's Complaint must be dismissed as a shotgun pleading for two reasons.

    First, Plaintiff fails to separate her claims into distinct counts within her Complaint. In a single paragraph within her "Statement of Claim" section, Plaintiff states that Defendant subjected her to discrimination in the form of "non-selection[] based on race, gender, disability and age discrimination and retaliation" under the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and the Rehabilitation Act of 1973. Dkt. 1 at 7. The paragraph continues with Plaintiff stating that she suffered further "harassment, disparate treatment, and retaliation" without reference to any statute. *Id.* Elsewhere in her Complaint, Plaintiff alleges that she was discriminated against due to her national origin, though it is not clear if Plaintiff is basing any of her claims on this alleged discrimination. *Id.* at 4. Such a complaint that lacks separate, discrete counts is a

3

"quintessential shotgun pleading." *Novak v. Cobb Cnty. Kennestone Hosp. Auth.*, 74 F.3d 1173, 1175 & n.5 (11th Cir. 1996).

Second, Plaintiff sets forth roughly a page-and-a-half of factual allegations without specifying which allegations underlie which claims. Dkt. 1 at 7–8. She also attaches 28 pages of documents to her Complaint—including emails exchanged with coworkers and complaints of discrimination previously filed with Defendant—without identifying which factual allegations therein are applicable to each of her present claims. *Id.* at 9–37. Pleading in this fashion imposes a heavy burden on the Court to sift through the attached documents for allegations relevant to each claim. *See United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006).

The above deficiencies run afoul of Rules 8(a) and 10(b), rendering Plaintiff's Complaint an impermissible shotgun pleading that must be dismissed. As currently pled, the Court finds it "virtually impossible" for Defendant to adequately answer Plaintiff's Complaint. *See Weiland*, 792 F.3d at 1325. Although Plaintiff correctly notes that *pro se* pleadings are construed liberally and held to a less stringent standard than those drafted by attorneys, Dkt. 12 at 4–5, the Court has "little tolerance for shotgun pleadings." *Arrington v. Green*, 757 Fed. App'x 796, 797 (11th Cir. 2018).

Nevertheless, a litigant must be given an opportunity to remedy her shotgun pleading. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). The Court therefore permits Plaintiff to file an amended complaint that remedies the defects identified in this Order. Specifically, Plaintiff must separate her causes of action into distinct counts, and she must clearly identify the factual allegations supporting each count rather than wholly incorporate the substance of documents attached to her pleading.

## CONCLUSION

Accordingly, Defendant's Motion to Dismiss, Dkt. 11, is **GRANTED**. Plaintiff's Complaint, Dkt. 1, is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file an amended complaint that complies with Rules 8(a) and 10(b) on or before **February 15, 2023**. The Court retains the authority to dismiss with prejudice shotgun pleadings that have not been corrected despite an opportunity to do so. *Vibe Micro*, 878 F.3d at 1296.

**DONE AND ORDERED** at Tampa, Florida, on January 25, 2023.

    */s/ William F. Jung*
    **WILLIAM F. JUNG**
    **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record
Plaintiff, *pro se*