UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHELLE BERNICE GARVEY,

    Plaintiff,

v.                                              Case No: 8:22-cv-2309-WFJ-AEP

SECRETARY, UNITED STATES
DEPARTMENT OF LABOR,

    Defendant.
_____/

## ORDER

This matter comes before the Court on the United States Secretary of Labor's ("Defendant") Motion to Dismiss Plaintiff's Second Amended Complaint. Dkt. 32. Plaintiff Michelle Bernice Garvey, proceeding *pro se*, responded in opposition. Dkt. 34. Upon careful consideration, the Court grants Defendant's motion and dismisses Plaintiff's Second Amended Complaint with prejudice.

## BACKGROUND

On October 7, 2022, Plaintiff initiated this discrimination action against Defendant after 27 years of employment in the Department of Labor's Wage and Hour Division. Dkt. 1 at 7. Upon Defendant's first motion to dismiss, Dkt. 11, the Court dismissed Plaintiff's initial complaint as a shotgun pleading due to Plaintiff's failure to separate her claims into distinct counts supported by distinct factual

allegations, Dkt. 19. Plaintiff subsequently filed an amended complaint, Dkt. 22, to which Defendant responded with a second motion to dismiss, Dkt. 25. Finding that Plaintiff had again failed to state a claim, the Court granted Defendant's second motion to dismiss. Dkt. 27. In so doing, the Court permitted Plaintiff a final opportunity to sufficiently plead her claims. *Id.* at 19−20.

On May 15, 2023, Plaintiff filed her Second Amended Complaint asserting discrimination based on sex (female), age (early 70s), disability (breast cancer), and national origin ("American born non-Hispanic"). Dkt. 28. Plaintiff's claims stem from seven incidents that were the subject of two prior Equal Employment Opportunity Commission ("EEOC") complaints: (1) the failure to reinstate Plaintiff to a District Director position in the Tampa District Office in February 2020 (the "Failure to Reinstate Incident"); (2) inappropriate comments made to Plaintiff in during a finalist interview for the District Director position in May 2020 (the "Inappropriate Comments Incident"); (3) the failure to select Plaintiff for the District Director position in June 2020 (the "Non-Selection Incident"); (4) a supervisor's solicitation of complaints about Plaintiff from her subordinates in February 2021 (the "Solicited Complaints Incident"); (5) a threatening email sent to Plaintiff by her supervisor in March 2021 (the "Threatening Email Incident"); (6) berating statements made to Plaintiff during a video conference in April 2021 (the "Berating Statements Incident"); and (7) Plaintiff's receipt of an "Exceeds"

performance rating instead of an "Outstanding" performance rating in October 2021 (the "Performance Rating Incident"). *See id.*

Based on these seven incidents, Plaintiff brings 23 claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and the Rehabilitation Act of 1973. *See* Dkt. 28. Plaintiff asserts that the Failure to Reinstate Incident constitutes disparate treatment based on sex (Count 1) and national origin (Count 2) under Title VII, disparate treatment based on age under the ADEA (Count 3), and disparate treatment based on disability under the Rehabilitation Act (Count 4). Plaintiff likewise contends that the Non-Selection Incident amounts to disparate treatment based on sex (Count 5) and national origin (Count 6) under Title VII, as well as disparate treatment under the Rehabilitation Act (Count 7) and the ADEA (Count 8). Plaintiff next brings hostile work environment claims under Title VII (Count 9), the Rehabilitation Act (Count 10), and the ADEA (Count 11) based on the cumulative effect of the Inappropriate Comments Incident, the Solicited Complaints Incident, the Threatening Email Incident, the Berating Statements Incident, and the Performance Rating Incident. Finally, Plaintiff avers that the following instances amount to retaliation under Title VII, the ADEA, and the Rehabilitation Act: the Solicited Complaints Incident (Counts 12–14); the Threatening Email Incident (Counts 15–17); the Berating Statements Incident (Counts 18–20); and the Performance

3

Rating Incident (Counts 21–23).

Defendant now moves to dismiss Plaintiff's Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Dkt. 32.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief may be granted, a plaintiff must plead sufficient facts to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does not require detailed factual allegations but demands more than an unadorned accusation. *Id.* A plaintiff's complaint must also "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When considering a Rule 12(b)(6) motion, a court accepts a complaint's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

## ANALYSIS

In moving to dismiss Plaintiff's Second Amended Complaint, Defendant contends that Plaintiff has again failed to plead prima facie disparate treatment, retaliation, and hostile work environment claims under the ADEA, the Rehabilitation Act, and Title VII. Dkt. 32. The Court considers the sufficiency of Plaintiff's claims in turn.

## I. Disparate Treatment Claims

### a. ADEA

In Counts 3 and 8, respectively, Plaintiff alleges that the Failure to Reinstate Incident and the Non-Selection Incident amount to age discrimination under the ADEA. Defendant contends that both claims are due to be dismissed with prejudice, as Plaintiff has not pled that her age was the but-for cause of either event. Dkt. 32 at 6. The Court agrees. *See* Dkt. 28 at 4, 9.

As the Court stated in dismissing Plaintiff's prior ADEA disparate treatment claims, "a plaintiff's age must be the sole cause of an adverse employment action for purposes of an ADEA disparate treatment claim." Dkt. 27 at 17 (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009)). Despite being given another chance to sufficiently plead her claims, Plaintiff has again failed to allege that her age was the sole cause of the Failure to Reinstate Incident and the Non-Selection Incident. Rather, in six other counts, Plaintiff continues to claim that those same incidents were also based on her national origin, sex, and disability. *See* Dkt. 28 at 2–3, 4–9. Contrary to Plaintiff's assertion, *see* Dkt. 34 at 16–17, pleading these other forms of discrimination in separate counts does not remedy this shortcoming. Given that Plaintiff has failed to allege in Counts 3 and 8 that her age was the sole cause of the Failure to Reinstate Incident and the Non-Selection Incident, these ADEA disparate treatment claims are due to be dismissed with prejudice.

### b. Rehabilitation Act

In Counts 4 and 7, Plaintiff similarly raises claims of disparate treatment under the Rehabilitation Act based on the Failure to Reinstate Incident and the Non-Selection Incident. Defendant avers that these claims suffer from the same flaw as Plaintiff's ADEA disparate treatment claims: a repeated failure to plead but-for causation. Dkt. 32 at 8. Indeed, Plaintiff again fails to allege that her breast cancer was the but-for cause of either event. *See* Dkt. 28 at 5−6, 8−9.

In dismissing Plaintiff's prior disparate treatment claims brought under the Rehabilitation Act, the Court explained that "[i]t is not enough for a plaintiff to demonstrate that an adverse employment action was based partly on [her] disability[.]" Dkt. 27 at 16 (quoting *Palmer v. McDonald*, 624 F. App'x 699, 705 (11th Cir. 2015)). Instead, Plaintiff must allege that the Failure to Reinstate Incident and the Non-Selection Incident were based solely on her disability. *See Palmer*, 624 F. App'x at 705. As noted above, Plaintiff has not done so; she continues to allege that the two incidents were also prompted by her sex, national origin, and age. *See* Dkt. 28 at 5−6, 8−9. Plaintiff's failure to correct this defect warrants the dismissal of Counts 4 and 7 with prejudice.

### c. Title VII

Plaintiff next brings Title VII disparate treatment claims in Counts 1, 2, 5, and 6. Defendant posits that these claims must be dismissed due to Plaintiff's

6

failure to identify a similarly situated comparator. Dkt. 32 at 13−16.

As this Court previously informed Plaintiff, pleading a prima facie claim of discrimination under Title VII requires her to show that "she was treated less favorably than a similarly-situated individual outside of her protected class." Dkt. 27 at 13 (citing *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1289 (11th Cir. 2003)). A plaintiff makes such a showing by identifying a comparator to whom she was "similarly situated in all material respects." *Anthony v. Georgia*, 69 F.4th 796, 805 (11th Cir. 2023) (quoting *Lewis v. City of Union City*, 918 F.3d 1213, 1224 (11th Cir. 2019) (en banc)). "Generally, a 'similarly situated' comparator is an employee who 'engaged in the same basic conduct (or misconduct) as the plaintiff,' was 'subject to the same employment policy, guideline, or rule,' had the 'same supervisor as the plaintiff,' and 'share[d] the plaintiff's employment or disciplinary history.'" *Id.* (quoting *Lewis*, 918 F.3d at 1227−28).

In her Second Amended Complaint, Plaintiff identifies an individual named Nicholas Ratmiroff as a potential comparator for purposes of her national origin discrimination claims based on the Failure to Reinstate Incident (Count 2) and the Non-Selection Incident (Count 6), as well as her sex discrimination claim based on the Non-Selection Incident (Count 5). Dkt. 28 at 3, 6−7. However, the only information provided about Mr. Ratmiroff in Plaintiff's pleading is that he is a "Venezuelan born," "less experienced male" who "never held a position of District

7

Director within the Agency" before being selected for the District Director position that Plaintiff wanted. *Id.* This limited information does not establish Mr. Ratmiroff as a similarly situated comparator. To be sure, there is no suggestion that Plaintiff and Mr. Ratmiroff engaged in the same conduct, were subjected to the same employment policies, worked under the same supervisor, or shared the same disciplinary histories. *See* Dkt. 28; *see also Anthony*, 69 F.4th at 805. Without more, Plaintiff has not shown that Mr. Ratmiroff is a similarly situated comparator.[1]

Plaintiff likewise fails to identify a similarly situated comparator for purposes of her sex discrimination claim based on the Failure to Reinstate Incident (Count 1). Plaintiff merely states that Defendant's "practices supported regular reinstatement and appointment of younger male employees to GS 13 and 14 positions, without competition," including "the cases of Michael Bodenbender, Donald Cerino, Jeff Genkos and Daniel Chapman, all male employees." Dkt. 28 at 3. The Second Amended Complaint provides no other information about these individuals to suggest that they were similarly situated to Plaintiff. Simply

---

[1] To the extent that Plaintiff responds to Defendant's present motion with new allegations concerning Mr. Ratmiroff's status as a potential comparator, a plaintiff may not assert new facts to defeat a motion to dismiss. *See Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 665 (11th Cir. 2015) (explaining that "plaintiffs cannot amend their complaint through a response to a motion to dismiss); *see also Mitchell v. Thompson*, 564 F. App'x 452, 458 (11th Cir. 2014) (declining to consider allegations that the plaintiff raised for the first time in response to a motion to dismiss).

identifying male employees who were promoted to GS-14 positions is insufficient.[2]

With no similarly situated comparators identified in her Second Amended Complaint, Plaintiff's Title VII disparate treatment claims asserted in Counts 1, 2, 5, and 6 must be dismissed with prejudice.

## II.   Retaliation Claims

Plaintiff also brings retaliation claims under Title VII, the ADEA, and the Rehabilitation Act based on the Solicited Complaints Incident (Counts 12−14), the Threatening Email Incident (Counts 15−17), the Berating Statements Incident (Counts 18−20), and the Performance Rating Incident (Counts 21−23). According to Plaintiff, these incidents were acts of retaliation prompted by her prior EEOC complaints. Dkt. 28 at 16−26. In moving to dismiss, Defendant contends that Plaintiff has failed to state a claim for retaliation under any of the three statutes, as none of the four incidents amount to adverse employment actions. Dkt. 32 at 12−13.

The elements of a prima facie retaliation claim brought under Title VII, the ADEA, or the Rehabilitation Act are the same. Under each statute, a plaintiff must allege that: "(1) she engaged in statutorily protected expression; (2) she suffered an

---

[2] Though Plaintiff also offers new information about these individuals in response to Defendant's motion, the Court repeats that it will not consider allegations that were not properly raised in her pleading. *See Burgess*, 600 F. App'x at 665; *see also Mitchell*, 564 F. App'x at 458.

9

adverse employment action; and (3) the adverse action was causally related to the protected expression." *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002) (Title VII and ADEA); *see also Solloway v. Clayton*, 738 F. App'x 985, 988 (11th Cir. 2018) (Rehabilitation Act). "[A]dverse employment actions include 'tangible employment actions,' which are those actions 'that affect continued employment or pay—things like terminations, demotions, suspensions without pay, and pay raises or cuts—as well as other things that are similarly significant standing alone.'" *Davis v. Legal Servs. Ala., Inc.*, 19 F.4th 1261, 1266 (11th Cir. 2021) (quoting *Monaghan v. Worldpay US, Inc.*, 955 F.3d 855, 860 (11th Cir. 2020)).

Here, Plaintiff does not allege that the Solicited Complaints Incident, the Threatening Email Incident, the Berating Statements Incident, or the Performance Rating Incident resulted in a tangible effect on her employment or pay. Nowhere in her Second Amended Complaint does Plaintiff allege, for example, that these instances resulted in her termination, demotion, suspension, or reduction in pay. *See* Dkt. 28; *see also Davis*, 19 F.4th at 1266. Absent such tangible effects, events like written reprimands and negative performance reviews do not constitute adverse employment actions for purposes of retaliation claims. *See Barnett v. Athens Reg. Med. Ctr. Inc.*, 550 F. App'x 711, 713 (11th Cir. 2013). Though the four incidents underlying her retaliation claims may have been negative

10

experiences for Plaintiff, "[t]he anti-discrimination statutes do 'not guarantee a stress-free working environment.'" *Id.* at 714 (quoting *Hipp v. Lib. Nat'l Life Ins. Co.*, 252 F.3d 1208, 1233−34 (11th Cir. 2001)).

With no allegations to suggest that any of these incidents had a tangible effect on Plaintiff's employment or pay, Plaintiff has not stated a prima facie claim of retaliation under Title VII, the ADEA, or the Rehabilitation Act. Counts 12 through 23 are due to be dismissed with prejudice.

### III.   Hostile Work Environment Claims

Finally, the Court turns to Plaintiff's hostile work environment claims under Title VII (Count 9), the Rehabilitation Act (Count 10), and the ADEA (Count 11). Plaintiff asserts that she experienced a hostile work environment based on her sex, disability, and age, as demonstrated by the cumulative effect of the Inappropriate Comments Incident, the Solicited Complaints Incident, the Threatening Email Incident, the Berating Statements Incident, and the Performance Rating Incident. Dkt. 28 at 10−16. However, Defendant avers that these counts must be dismissed, as Plaintiff has not pled each element of a hostile work environment claim. Dkt. 32 at 10−11.

To state a prima facie hostile work environment claim under Title VII, the Rehabilitation Act, or the ADEA, a plaintiff must show that: (1) she belongs to a protected group; (2) she experienced unwelcome harassment; (3) the harassment

was based on a protected ground; (4) the harassment was severe or pervasive enough to alter the terms and conditions of employment; and (5) her employer is responsible for that environment under a theory of vicarious or direct liability. *Nurse v. City of Alpharetta*, 775 F. App'x 603, 607 (11th Cir. 2019) (citing *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010)); *see also Litman v. Sec'y, of the Navy*, 703 F. App'x 766, 771 (11th Cir. 2017).

Defendant avers that Plaintiff has not satisfied the third element, as she has not alleged facts suggesting that she suffered a hostile work environment based on her sex, disability, or age. Dkt. 32 at 10−11. The Court agrees. Though Plaintiff bases her three hostile work environment claims on the cumulative effect of the five aforementioned incidents, she only alleges that one of those incidents (the Inappropriate Comments Incident) was based on a protected ground (Plaintiff's sex). *See* Dkt. 28 at 10−16. Plaintiff fails to adequately allege that the other four incidents were based on her sex, disability, or age. *See id.*

Accordingly, Plaintiff has—at most—alleged only one incident of harassment based on a protected ground. And as this Court previously explained in dismissing Plaintiff's first amended complaint, "a single incident of harassing conduct cannot support a hostile work environment claim." *See* Dkt. 27 at 19 (quoting *Uppal v. Hosp. Corp. of Am.*, 482 F. App'x 394, 397 (11th Cir. 2012)). For this reason, Counts 9, 10, and 11 must be dismissed with prejudice.

## CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss, Dkt. 32, is **GRANTED**. Plaintiff's Second Amended Complaint, Dkt. 28, is **DISMISSED WITH PREJUDICE**. The Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, on July 7, 2023.

/s/ William F. Jung
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Plaintiff, *pro se*
Counsel of Record